D. C. BUTLER et al., Appellants,

v.

FIRST CITY BANK & TRUST COMPANY, etc., et al., Appellees.

Court of Appeals of Kentucky.

May 19, 1961.

S. Y. Trimble, IV, Trimble, Soyars & Breathitt, Hopkinsville, for appellants.

W. E. Rogers, Jr., White & Clark, Hopkinsville, for appellees.

CULLEN, Commissioner.

Mrs. Alma C. Butler, a childless widow, died in 1956 with an estate in personal property valued at $108,000, which she bequeathed to the First Baptist Church of Hopkinsville, Kentucky. Under the will of her husband, who had died in 1918, she was given a life interest, without power of encroachment, in his entire estate, which consisted of several farms and an unknown

amount of personality. His will provided that at her death one-half of his personal property and two-thirds of his real estate should go to his heirs and the remainder of his estate should go as his wife might will. The heirs of the husband brought this action against the executor and legatee under the wife's will, claiming one-half of the personal property left by her on the theory that all of it constituted corpus of her husband's estate. (There is no controversy about the real estate.) The circuit court, trying the case without a jury, adjudged that only $12,324.48 of the personal property left by the wife constituted corpus of her husband's estate and that the heirs of the husband were entitled to half of that sum. The heirs have appealed, maintaining that the evidence established beyond question that the husband's personal estate must have consisted of a much larger amount.

There was no specific proof as to the nature, extent or value of the husband's personal estate at the time he died. No inventory or appraisal of his estate was ever made or filed. The value of $12,324.48 found by the circuit court came from a "partial settlement" filed by the widow as executrix in 1923. This settlement, and a supplemental statement in 1926 reciting that the executrix continued to hold the amount shown in the settlement, were the only papers ever filed in the county court in connection with the husband's estate.

The husband's heirs endeavored to prove that at the time of the husband's death Mrs. Butler had no separate estate of her own, except around $1,000 inherited from her parents, and that she could not possibly have built up a personal estate of $108,000 out of the income from her husband's farms and an original personal estate of only $12,-324.48. The conclusion they sought to establish was that the husband must have left a personal estate of at least $41,000 and probably more. The proof consisted of evidence as to bank deposits and accounts, income tax returns, investment records during the last 11 years of Mrs. Butler's life, and testimony concerning farm income.

The ultimate fact that the heirs were required to establish was that the husband's personal estate at the time of his death amounted to more than the $12,324.48 shown in the settlement document. In order to establish that fact they were required to prove that the wife initially had no substantial property other than that received for life from her husband's estate and that the amount shown by the 1923 settlement to have been so received, plus the farm income, could not have accrued into an estate of $108,000. In our opinion the evidence failed to build a complete structure of proof of these facts.

In the first place, the evidence as to the wife's estate in 1918 was only that she had no personal bank account, she had not accumulated any money from earnings prior to or during the marriage, and she had not received any property by inheritance from her relatives other than $1,000 from her parents. The evidence did not preclude the possibility that the husband had made gifts to her of investments or of tangible property, or that he had made investments in their joint names with a survivorship clause, or that he had made her the beneficiary of a substantial amount of life insurance. Under any of these circumstances she could have acquired a substantial estate in her own right.

In the second place, the evidence does not disclose what the farm income was from 1918 to 1930. The mere fact, which was established, that the farm income in later years averaged only around $700 per year is in no way conclusive that the income was the same during the preceding period. It may be that the farms were operated more efficiently and maintained in better condition during that period, or that better judgment or better luck was involved in the selection of the crops to be grown and in taking advantage of market conditions.

In the third place, the fact that during the last 11 years of her life Mrs. Butler invested in securities producing only a three percent or less interest rate does not con-

stitute proof that during the period preceding the crash of 1929 she was similarly conservative in her investments.

In the fourth place, an accountant testifying for the defendants gave acceptable testimony that it was physically possible for Mrs. Butler to have built up an estate of $108,000 from the original amount of $12,324.48 and the farm income.

We recognize that the heirs were confronted with a difficult problem in attempting to prove what Mr. Butler's personal estate consisted of some 38 years ago. But, having made no effort at a time when proof would have been available to ascertain the true extent of his estate the difficulty is of their own creation.

While the evidence perhaps could be considered sufficient to have sustained a finding that Mr. Butler left a personal estate in excess of that shown by the 1923 settlement it falls far short of being so conclusive as to preclude any other finding. The circuit court's finding that the estate did not exceed that shown by the 1923 settlement is not clearly erroneous.

The judgment is affirmed.